# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMANDA COOPER,<br>on behalf of K.S.C., a minor,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of the Social<br>Security Administration,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. CIV-13-246-SPS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

The claimant Amanda Cooper requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying benefits for her daughter K.S.C. under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining that K.S.C. was not disabled. For the reasons discussed below, the Commissioner's decision is hereby REVERSED and REMANDED.

### Social Security Law and Standard of Review

Disability for persons under the age of 18 according to the Social Security Act is defined as a medically determinable physical or mental impairment that causes marked and severe functional limitations that can be expected to cause death or that have lasted or can be expected to last for a continuous period of not less than twelve months. 20

C.F.R. § 416.906. Social Security Regulations implement a three-step sequential process to evaluate a claim for Child's Supplemental Security Income Benefits under Title XVI of the Social Security Act.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) to two inquiries: first, whether the decision is supported by substantial evidence; and second, whether the correct legal standards were applied. *Hawkins v. Chater*, 114 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and "the substantiality of the evidence must take into account whether the record detracts from its

---

[1] Step one requires claimant to establish she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 416.971-416.976. Step two requires claimant to establish she has a severe impairment or combination of impairments. If claimant is engaged in substantial gainful activity or is found not to have a medically determinable impairment or the impairment causes a slight abnormality or combination of slight abnormalities resulting in no more than minimal functional limitations, she is considered not disabled. At step three, claimant's impairment must meet, medically equal, or functionally equal the severity of an impairment in the listing of impairments found in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments that meet or medically equal the requirements of the listing or that functionally equal the listing and meet the duration requirement will be found disabled. *See* 20 C.F.R. § 416.924(a)-(d)(2).

weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias* 933 F.2d at 800-801.

**Background and Procedural History**

K.S.C. was born on August 29, 1997, and was thirteen years old at the time of the administrative hearing. The claimant alleges K.S.C. was disabled as of July 13, 2009, because of Blount's disease in the left leg, high blood pressure, a sleep disorder, sinus problems, and obesity (Tr. 144). The claimant filed an application for supplemental security income benefits under Title XVI (42 U.S.C. § 1381 *et seq*.) on March 31, 2010, which was denied. After a hearing on May 4, 2011, ALJ W. Thomas Bundy found K.S.C. was not disabled in a decision dated July 25, 2011 (Tr. 31-41). The Appeals Council denied review, so the ALJ's findings represent the Commissioner's final decision for purposes of this appeal. 20 C.F.R. § 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step three of the sequential evaluation. He determined K.S.C. had severe impairments, *i. e.*, Blount's disease, diabetes mellitus, morbid obesity, hypertension, obstructive sleep apnea, and destructors behavior disorder/mood disorder, but that such impairments did not meet, medically equal, and were not functionally equivalent to any of the relevant listings (Tr. 34-41). The ALJ concluded that K.S.C. was therefore not disabled (Tr. 41).

**Review**

The claimant contends that the ALJ erred: (i) by failing to properly analyze the credibility of K.S.C. and her mother, and (ii) by ignoring probative evidence that

contradicted his findings, including low global assessment of functioning (GAF) scores. The Court finds that the ALJ did fail to properly analyze the credibility K.S.C.'s mother, Amanda Cooper.

As to the medical evidence, the claimant had an osteotomy of the right tibia and fibular on September 20, 2007, due to her juvenile Blount's disease (Tr. 196-197). The claimant also underwent a sleep study and was diagnosed with: (i) obstructive sleep apnea syndrome, (ii) severe periodic limb movements of sleep disorder, (iii) abnormal sleep architecture, and (iv) daytime hypersomnia. As a result of this testing, she was prescribed a CPAP machine (Tr. 205-242, 312-315). She received treatment at Arkansas Children's Hospital for her obesity, and was assessed with obesity, acanthosis nigricans, sleep apnea, hypertension, hyperinsulinemia with blood serum insulin of 55.7, vitamin D deficiency, headache and backache, and Blount disease (Tr. 244). Treatment records with Dr. William Herron indicate that the claimant weighed 244 pounds on September 23, 2008; 280 pounds on June 11, 2009; 310 pounds on January 28, 2010; 349 pounds on July 20, 2010; and 336 pounds on September 28, 2010 (Tr. 266, 280, 284, 288, 355, 400). Although there was some fluctuation, those reports of her weight indicate the upward trajectory, including a 58-pound weight gain in nine months (Tr. 355).

Following a pediatric psychology examination, the claimant was assessed with an eating disorder NOS, disruptive behavior disorder, mood disorder NOS, high rates of screen time, high rates of sedentary behavior, low rates of physical activity, and sleep disorder NOS, along with a GAF of 50 (Tr. 251). A Psychology Report dated July 20, 2010, assessed the claimant with depressive disorder NOS, eating disorder NOS, obesity,

and a GAF of 55 (Tr. 340). At this screening, Dr. Samantha Razzaq described the claimant as "obviously depressed" and noted financial difficulties with receiving regular treatment at Arkansas Children's Hospital in Little Rock (Tr. 356).

K.S.C.'s seventh grade reading teacher and the school counselor (2009-2010) completed a "Teacher Questionnaire." They indicated that the claimant had no problems in acquiring and using information or attending and completing tasks, but that she needed to apply herself and study (Tr. 317-318). They indicated no problems in the other categories, and indicated that they were unaware of her medications or how they affected her (Tr. 322).

State reviewing physicians reviewed the record and determined that the claimant's impairments were severe, but did not meet, medically equal, or functionally equal the listings (Tr. 334, 355). They found she had no limitations in the areas of: (i) acquiring and using information, (ii) attending and completing tasks, and (iii) interacting and relating with others (Tr. 336, 367, 465). As for caring for herself, one found her to have less than marked limitations and two found no limitations (Tr. 337, 368, 466). Additionally, they determined she had less than marked limitation in the ability to move about and manipulate objects due to her morbid obesity, and marked limitations of health and physical well-being, due to the claimant's obesity, obstructive sleep apnea with prescribed CPAP, hypothyroidism, diabetes, high blood pressure, hypertension, Blount's disease, depression, eating disorder, behavior disorder, and mood disorder (Tr. 337-339, 368-371, 466).

K.S.C.'s mother, Amanda Cooper, completed a form entitled Function Report-Child Age 12-18th Birthday (Tr. 152-160). In that form, Ms. Cooper wrote that K.S.C.'s daily activities were limited because she cannot "get out and run and play with her friends" due to pain in her legs associated with the Blount's disease, as well as back pain and breathing problems (Tr. 155). In explaining how K.S.C.'s impairments affected her social activities or behavior, she stated that the claimant gets angry when her friends run and dance because K.S.C. gets too tired trying to do those things, and that although she wants to play sports she cannot because her legs are not even, she has pain in her back, legs, and feet, and she experiences shortness of breath (Tr. 157). Additionally, she could not take care of her own personal hygiene and has to have help in the bathtub with bathing herself (Tr. 158). Additionally, Ms. Cooper testified at the administrative hearing that her daughter was not doing well with weight loss, and that surgery was not a good option (Tr. 50-51). Her daughter takes blood pressure medication and has to monitor her blood sugars twice a day, and she had an appointment to see a kidney specialist (Tr. 51). She further indicated that her daughter's grades used to be good, but they had fallen to Ds, and K.S.C. had been placed in remedial math and reading classes; she felt this was due to missing school and getting behind following surgery on her leg (Tr. 52). She stated that her daughter loves to dance and go skating but can no longer do that because her legs and back "just give out" (Tr. 53). K.S.C. had also recently been forced to give up being in the marching band because she could no longer carry the bass drum and march (Tr. 53-54). When asked, Ms. Cooper stated she believed K.S.C.'s condition was worsening, because they kept finding out about more health problems (Tr. 54). At the

hearing, when counsel discussed the claimant's weight, Ms. Cooper interjected that K.S.C.'s weight at the time of the hearing was 349 pounds (Tr. 54). Ms. Cooper also testified that the claimant was frequently teased by children at school (and her own brother) about her weight (Tr. 57), and that she uses a CPAP machine at night for her sleep apnea (Tr. 58). K.S.C. did not testify at the hearing.

The claimant argues that the ALJ failed to properly analyze her credibility and that of her mother. The Court agrees. Deference must be given to an ALJ's credibility determination unless there is an indication that the ALJ misread the medical evidence taken as a whole. *Casias v. Secretary of Health & Human Services,* 933 F.2d 799, 801 (10th Cir. 1991). Further, an ALJ may disregard a claimant's subjective complaints of pain if unsupported by any clinical findings. *Frey v. Bowen,* 816 F.2d 508, 515 (10th Cir. 1987). But credibility findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) [quotation omitted]. A credibility analysis "must contain 'specific reasons' for a credibility finding; the ALJ may not simply 'recite the factors that are described in the regulations.'" *Hardman v. Barnhart*, 362 F.3d 676, 678 (10th Cir. 2004), *quoting* Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4 (July 2, 1996).

With regard to credibility in this case, the ALJ performed no credibility analysis. He stated that he had considered Soc. Sec. Rul. 06-03p and Soc. Sec. R. 96-7p and briefly summarized the medical evidence, but failed to actually perform the requisite credibility analysis (Tr. 34-41). Social Security Ruling 06-03p (SSR 06-03p) provides the relevant guidelines for the ALJ to follow in evaluating "other source" opinions from non-medical

sources, like the opinion of Ms. Cooper, who have not seen the claimant in their professional capacity. *See* Soc. Sec. Rul. 06-03p, 2006 WL 2329939. SSR 06-03p states, in part, that other source opinion evidence should be evaluated by considering the following factors: i) nature and extent of the relationship; ii) whether the evidence is consistent with other evidence; and iii) any other factors that tend to support or refute the evidence. Soc. Sec. Rul. 06-03p, 2006 WL 2329939, at *6. While the ALJ recited parts of Ms. Cooper's testimony, he failed to properly evaluate it in accordance with the factors set out in SSR 06-03p and gave no indication as to his treatment of such testimony, which was important because she provided testimony that K.S.C. had a problem relating to others. The ALJ's task in evaluating the credibility of lay witness testimony is to determine whether the witness's opinion is sincere or insincere, and then determine what weight, if any, to ascribe to the opinion or testimony. Here, the ALJ provided no reason for ignoring the pertinent lay witness testimony. *See Kepler*, 68 F.3d at 391 (The ALJ must "explain why the specific evidence relevant to each factor led him to conclude claimant's subjective complaints were not credible."). Because the ALJ failed to make a credibility determination, his decision is not based on substantial evidence.

For the reasons set forth above, the Court concludes that the decision of the Commissioner should be reversed and the case remanded to the ALJ for a proper credibility analysis of K.S.C. and K.S.C.'s mother, Amanda Cooper. If such analysis results in any adjustments to the step three findings regarding the domains of functioning, the ALJ should re-determine whether he is disabled.

## Conclusion

The Court hereby FINDS that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The decision of the Commissioner is accordingly REVERSED and the case is REMANDED for further proceedings consistent herewith.

**DATED** this 26th day of September, 2014.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**